IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOY HARVICK, individually and on behalf of all other similarly situated; | § § § | |
| *Plaintiff,* | § § | Case No.: 1:24-cv-1373-RP |
| v. | § § | |
| ELON MUSK & AMERICA PAC, | § § | |
| *Defendants.* | § § § | |

## MOTION TO EXTEND SCHEDULING ORDER

TO THE HONORABLE ROBERT PITMAN:

Plaintiff Joy Harvick, for good cause shown, moves for this Court to modify the scheduling order by extending the current close of phase one discovery 90 days forward from the current deadline, and to extend all subsequent deadlines in the same manner, and would respectfully show the Court the following:

## I.    INTRODUCTION

Under this Court's scheduling order, phase one discovery ends on February 27. However, the Parties currently dispute several discovery matters, and Plaintiff has filed a Motion to Compel. The Court will be unable to resolve these disputes prior to the scheduled close of the first phase of discovery and upcoming summary judgment.

The first discovery dispute regards Defendant's refusal to allow the Plaintiff to depose Elon Musk, even though he is a defendant in this case. The second dispute regards the Defendant's redactions of approximately 200 documents as "non-responsive." The

1

third dispute regards Defendants' opposition to discovery sharing between this case and the parallel case, *McAferty v. Musk, et al.* Thus, Plaintiff seeks to amend the scheduling order to allow the resolution of these discovery disputes. Therefore, the Plaintiff respectfully requests that the scheduling order deadlines in this case be extended by 90 days.

## II.    LEGAL STANDARD

A scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit considers four relevant factors when determining good cause:

> (1) the explanation for the failure to timely [comply with the scheduling order];
>
> (2) the importance of the modification;
>
> (3) potential prejudice in allowing the [modification];
>
> (4) the availability of a continuance to cure such prejudice.

*Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019); *see also Carrier Corp. v. Holmes*, No. 1:24-CV-187-DII, 2025 U.S. Dist. LEXIS 128103, at *4-5 (W.D. Tex. 2025). "A party is required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id*. "[I]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is

slight." *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972). As shown below, those circumstances are present here.

## III.    ARGUMENT

### A. Without Modification of the Scheduling Order, This Court Will Be Unable to Rule on Pending Discovery Disputes Despite Plaintiff's Diligent Efforts.

The explanation for why the discovery deadline cannot be met is simple. Prior to the scheduled close of phase one discovery, the discovery disputes between the Parties cannot be resolved. The Plaintiff acted diligently and convened with the Defendants in good faith to resolve these disputes. The Plaintiff was—and remains—surprised by the fact that a Defendant suddenly refused to make himself available for deposition despite months of discussion about scheduling his deposition. Additionally, Plaintiff had no control over Defendant unilaterally redacting entire documents or significant portions of produced documents. Nor did Plaintiff anticipate that Defendants would object to discovery sharing in these parallel putative class action suits. Thus, despite the Plaintiff's diligence in phase one of discovery, it became impossible to resolve these disputes prior to the phase one discovery deadline.

### B. Scheduling Order Modification is of Utmost Importance for the Court to Resolve Discovery Disputes and to Enable the Plaintiff to Conduct Full and Complete Discovery.

The modification of the scheduling order is of utmost importance. Without modification, this Court will be unable to resolve these discovery disputes. Consequently, without a modified scheduling order, the Plaintiff will certainly be prejudiced. If this Court is unable to address the Parties' discovery disputes, then the Plaintiff will be deprived of

relevant evidence. *See Rangel v. Mascorro*, 274 F.R.D 585 (S.D. Tex. 2011) (holding that defendants' counsel established good cause to extend scheduling order because defendants were unable to properly depose both plaintiffs).

Without a modified scheduling order, the Plaintiff will be deprived of a remedy to pursue necessary phase one discovery fully and completely. Thus, modifying the scheduling order deadlines is of the utmost importance and will serve the interests of justice. *See Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972).

**C. Defendants Will Not Be Prejudiced By a Modified Scheduling Order; But the Plaintiff Will Be Prejudiced if the Scheduling Order is Not Modified.**

Defendants would not be prejudiced by a modification of the scheduling order extending the deadlines by 90 days. Defendants will be unable to show any substantial injury if the scheduling order is extended. Conversely, the Plaintiff will be prejudiced without a modified scheduling order because it will deprive the Plaintiff of pursuing discovery remedies prior to summary judgment.

**D. Modifying the Scheduling Order is an Available Remedy that Will Enable the Resolution of Discovery Disputes and Allow for Full and Complete Discovery by the Plaintiff.**

The modification of the scheduling order is an available remedy that is within this Court's discretion to grant if good cause is shown. Plaintiff has shown good cause. Modification would enable the Plaintiff to seek remedies for discovery disputes and for this Court to resolve them. A scheduling order modification will provide the Plaintiff with a path to pursue discovery dispute remedies and will allow all Parties to conduct discovery fully and completely.

4

## IV.    CONCLUSION

Without the requested modification of the Scheduling Order, this Court will be unable to rule on pending discovery motions prior to the close of discovery despite Plaintiff's diligent efforts. Therefore, the Plaintiff moves for the court to extend the current close of phase one discovery by 90 days from the current deadline, and to extend all other deadlines in the same manner.

Respectfully submitted,

**FARRAR & BALL, LLP**

/s/Kyle W. Farrar
KYLE W. FARRAR
W.D. Tex. Bar No. 352045
MARK D. BANKSTON
(pro hac vice admitted)
Tex. State Bar No. 24071066
1117 Herkimer
Houston, TX 77008
(713) 221-8300

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred and attempted to acquire consent from Defendants for the relief sought in this motion, but I was unable to obtain agreement.

*/s/ Mark D. Bankston*
Mark D. Bankston

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system of the United States District Court for the Western District of Texas. I further certify that all counsel of record who have appeared in this action and are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Mark D. Bankston*
Mark D. Bankston

6