IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOY HARVICK, individually and on behalf of all other similarly situated; § § § § *Plaintiff*, § § v. § § ELON MUSK & AMERICA PAC, § § *Defendants*. § § § | Case No.: 1:24-cv-1373-RP |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Plaintiff files this Reply in Support of her Motion to Compel, and would show the Court that a deposition of Elon Musk is appropriate, while unauthorized redactions to documents are not.

**ARGUMENT**

**I.    The Court Can Resolve the Deposition Dispute Without a Deposition Notice.**

Defendants complain that "Plaintiff has never noticed Mr. Musk's deposition." [Dkt., 42, p. 3]. Instead, Plaintiff was engaged in a discussion for months about cooperatively scheduling Musk's deposition, but Defendants' counsel suddenly derailed that process at the last minute with a surprise announcement that they would not produce Musk. "Despite the formality of the discovery process under the Federal Rules of Civil Procedure, discovery in most federal courts, especially the scheduling of depositions, is handled informally through voluntary agreement and cooperation of the parties and

1

witnesses." 4 Federal Trial Guide § 100.10. For this reason, "the federal courts generally encourage the parties to cooperate in scheduling depositions at times that are reasonably convenient to counsel and the deponent." *Id.*

The problem faced by Plaintiff is that after Defendants' surprise announcement, "[t]he only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Rule 37(d)(1)(A) if and when the deponent fails to appear." *Keplar v. Google, LLC*, 346 F.R.D. 41, 47 (N.D. Tex. 2024). Yet here, where Defendants acted in bad faith for months only to reveal at the last minute that they refused to schedule a deposition, Plaintiff was put in an impossible situation due to imminent discovery deadlines and summary judgment.

"Under somewhat similar circumstances, even where the movant has not served a notice of deposition or subpoena, other courts have treated a response to a motion to compel a deposition as a motion for a Rule 26(c)(1) protective order or have otherwise decided the fully-briefed issues so long as they were sufficiently defined and concrete." *Id.* at 48, citing *Robinson*, 2016 U.S. Dist. LEXIS 47815, at *4; *see also Harris v. Copart, Inc.*, No. 3:16-cv-2980-D, 2017 U.S. Dist. LEXIS 209676, at *8 (N.D. Tex. 2017) (same). As these courts have noted, deciding the issue now simply makes judicial sense:

> And, here, where Google is effectively asking for a protective order from taking these depositions and the issues have been fully argued to the Court, and in light of the impending "expiration of the discovery period," the Court declines Google's invitation to deny the motion because Keplar has not served deposition notices and instead "elects to follow these courts' lead, treat [Google's] response as a request for a Rule 26(c)(1) protective order, and address the merits of the dispute

2

    as to whether [Google] should be ordered to" produce these witnesses for deposition.

*Id.*

  Therefore, "[w]hen a party has not noticed a deposition yet has filed a motion to compel that deposition, the court can 'treat Defendant's response as a request for a Rule 26(c)(1) protective order, and address the merits of the dispute as to whether Defendant should be ordered to produce [a witness] for a deposition.'" *Sanchez v. Swift Transp. Co. of Ariz., L.L.C.*, No. PE: 15-CV-15, 2016 U.S. Dist. LEXIS 193905, at *5 (W.D. Tex. 2016); *see also Attilio v. United States*, No. 4:17-CV-01319, 2018 U.S. Dist. LEXIS 227325, at *2 (S.D. Tex. 2018) (same); *Galvan v. Swift Transp. Co. of Ariz., LLC*, No. EP-24-CV-00256-KC, 2025 U.S. Dist. LEXIS 141503, at *4 (W.D. Tex. 2025) (Treating Defendant's "opposition to Plaintiffs' motion as a request for protective order" even though "the record does not reflect that Plaintiffs served a notice or issued a subpoena for the requested deposition."). Here, where "Plaintiff did request the deposition prior to the expiration of the discovery period," and where Plaintiff "filed [her] motion to compel prior to the expiration of the motions deadline," then "Plaintiff has timely and appropriately requested the deposition." *Attilio*, 2018 U.S. Dist. LEXIS 227325 at *2.

  "Although the Federal Rules of Civil Procedure do not explicitly require that a notice of deposition be served before a party files a motion to compel," it is true that "some courts outright deny motions to compel if no notice has been served." *Marchlewicz v. Bros. Xpress, Inc.*, No. SA-19-CV-00996-DAE, 2019 U.S. Dist. LEXIS 214034, at *3 (W.D. Tex. 2019). Thus, the Court might "deny Plaintiff's motion without prejudice to refiling if

3

Defendants refuse to appear for a noticed deposition." *Id.* Here, the Court could deny the Motion to Compel while granting the Motion to Extend Scheduling Order, providing time for Plaintiff to notice the deposition. However, this approach invites further inefficiency. If the scheduling order is extended, and then Musk fails to appear for a noticed deposition, Plaintiff would not only need to re-urge the Motion to Compel, but Plaintiff would also need to once again move to extend deadlines so that the Motion to Compel could be decided before summary judgment. Thus, it is most efficient to address these fully-briefed issues now, especially given that the motion was filed by a party facing the "expiration of the discovery period." *Keplar,* 346 F.R.D. at 47.

## II. Musk Cannot Meet the Burden of Preventing the Deposition of a Named Defendant.

Musk seeks to avoid deposition due to being an "apex witness,"[1] invoking cases in which a party sought to depose a corporate executive in a lawsuit against the corporation. Yet this dispute involves the deposition of Musk as a defendant, against whom Plaintiff bears the burden of proof on her claims. This is why "in the cases the Court has found in which a protective order completely proscribing a deposition is issued, there appears to be a clear distinction from the present case. Those cases prohibit the deposition of a witness, rather than that of a party." *Campos v. Webb Cty. Tex.*, 288 F.R.D. 134, 137 (S.D. Tex.

---

[1] Importantly, there is nothing in the record establishing Musk's status as an alleged "apex witness." First, America PAC alleges that he has no role with that particular organization. Second, though it is generally known in the public that Musk holds high-level named positions or ownership of various corporations, it is unclear what functional roles Musk plays in these companies or what his "job duties" entail. Indeed, publicly available information shows that Musk spends the vast majority of his waking hours posting and replying to tweets on X, playing a variety of video games, or engaging in other leisure activities. An individual's wealth or job titles do not determine whether one is an "apex witness," but rather the factual circumstances of the demands on their time by the executive role. The record is silent on that question.

4

2012). "It would appear that the higher burden imposed on a party who is seeking a protective order, as opposed to a witness seeking one, stems from the non-movant's legitimate interest in trial preparation and the discernable importance of the witness whose deposition is at issue." *Id.* at 138. Because the Court has already found that Plaintiff has stated plausible allegations against Musk on which she is entitled to discovery, a deposition must be allowed.

In cases involving a party's attempt to prevent their own deposition, the issue is typically medical or psychological, in which the party attempts to show imminent harm to their personal well-being. Even those requests are rarely granted. It is for that reason that Plaintiff asked Defendants if they could provide "a case in the Fifth Circuit in which a court precluded a deposition of a named defendant in a tort action on proportionality grounds or because a co-defendant had been deposed about the same transaction of facts." (*See* Pltf. Mot., Ex. 2). Defendants' counsel did not provide a case, stating, "We do not believe it would be productive to brief and debate the discovery standard via dueling emails." (*Id.*). Yet now, at the time of briefing, Defendants still did not provide any such case. To the best of Plaintiff's knowledge, no such case exists.

Nonetheless, Musk claims that his deposition is improper because "[t]he Complaint does not allege that Musk personally offered to pay individuals $1 million to serve as America PAC spokespersons." [Dkt. 42, p. 6]. Yet that is exactly what the Complaint alleges. Plaintiff alleges that Musk personally made the million-dollar offer, and indeed, Plaintiff alleges that Musk's offer was the only form in which the terms and conditions of the million-dollar were ever communicated. America PAC's petition page contained no

5

offer and no terms or conditions of the million-dollar prize. Instead, Musk's statements, and Musk's intent in making them, are the very heart of Plaintiff's claims. Thus, Musk's deposition is appropriate because he is a person who "might reasonably be expected to be deposed or called as a witness by any of the parties." *Frisco Med. Ctr., L.L.P. v. Bledsoe*, No. 4:12-CV-0037, 2014 U.S. Dist. LEXIS 198273, at *5-6 (E.D. Tex. 2014).

### III.  Defendants' Redactions were Unauthorized.

Before arguing the merits, Defendants claim that relief should be denied because Plaintiff was untimely in challenging the redactions. Yet Defendants served their responses, including thousands of pages of documents, on January 20, 2026, and Plaintiff challenged those redactions on February 18, 2026, less than thirty days after Defendants' responses. Defendants do not explain how a challenge in under thirty days is untimely, nor do they provide any authority finding that action untimely. Such a position would be incongruent with the discovery rules. For example, Rule 34(b) provides that a party has thirty days to respond to discovery requests, including raising objections. Thus, it is reasonable if the receiving party likewise challenges those responses within thirty days, as it aligns with the procedural timeline in the Federal Rules.

In terms of the merits, Defendants have no genuine support for their redactions. With regard to so-called "family documents," Defendants lacked any Fifth Circuit authority, so they cited a case from the Eastern District of Pennsylvania. *See In re Zoloft Prods. Liab. Litig.*, MDL No. 2342, 2013 WL 8445354, at *4–5 (E.D. Pa. Oct. 31, 2013). Yet in that case, the court took pains to explain that the result was an outlier due to unique

circumstances of the case regarding burden and expense. Citing a more typical case involving the Abu Dhabi Commercial Bank, the court noted the Zoloft MDL was different:

> [T]he number of documents withheld and at issue in the Abu Dhabi Commercial Bank case was small. There were 126 documents that had been detached and withheld; the court required the plaintiff to produce those documents if, and only if, they could be "located and produced without undue burden or expense." Additional attachments were withheld, but the number of them was not shown to be high. The burden of having the withholding party go through the body of withheld documents and describe the grounds for withholding them was not as high as it would be in this case.

*Id.* at *9. This case resembles the *Abu Dhabi* case rather than the *Zoloft* MDL. This dispute involves a small number of documents which can be produced with any significant burden or expense.

Regarding email attachments, there is likewise no Fifth Circuit authority permitting the redaction of items attached to a document. Instead, Defendants cited a single case from the Eastern District of Michigan. *See Weidman v. Ford Motor Co.*, No. 2:18-CV-12719, 2021 WL 363560, at *3 (E.D. Mich. Feb. 3, 2021) (Holding that "Defendant is not required by the Federal Rules of Civil Procedure to produce nonresponsive and irrelevant email attachments"). However, that decision is out of step with prevailing judicial opinions across the nation. *See, e.g., PSEG Power N.Y., Inc. v. Alberici Constructors, Inc.*, 2007 U.S. Dist. LEXIS 66767, 2007 WL 2687670 (N.D.N.Y. Sept. 7, 2007) ("Without question, attachments should have been produced with their corresponding emails as such are kept in the usual course of business."); *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 675, n. 14 (M.D. Fla. 2008)("[B]y neglecting to produce the attachments to e-mails,

7

U&I further postponed the production of documents ... The dubious practice of producing e-mails without attachments in federal discovery has not gone unnoticed by other courts."); *CP Solutions PTE, Ltd. v. General Electric Co.*, 2006 U.S. Dist. LEXIS 27053, 2006 WL 1272615, at *4 (D. Conn., Feb. 6, 2006) ("Defendants chose to provide the documents in the manner in which they were kept in the ordinary course of business. Attachments should have been produced with their corresponding e-mails"); *Miller v. IBM*, 2006 U.S. Dist. LEXIS 22506, 2006 WL 995160 (N.D. Cal. Apr. 14, 2006) (court ordered the producing party to match all e-mails with their corresponding attachments for the opposing party's review). Indeed, there are even differing opinions in the Eastern District of Michigan. *See, e.g., Consolidated Rail Corp. v. Grand Trunk Western Railroad Co.*, 2009 U.S. Dist. LEXIS 118394, 2009 WL 5151745, at *3 (E.D. Mich. Dec. 18, 2009) (finding that producing party's document production complied with Rule 34's "usual course of business" requirement where "[e]mail attachments were produced directly following the corresponding email.").

In sum, there is no Fifth Circuit authority permitting non-responsiveness redactions. District courts within the Fifth Circuit uniformly disallow such redactions absent privilege. Defendants want this Court to stake a new path, allowing a party to remove pages from a responsive document. The Court should decline that invitation.

**IV.   Defendants' Meet and Confer Complaint is Empty.**

Defendants claim that Plaintiff's Motion should be denied for failure to comply with Rule 37(a)(1) and LR CV-7(g). Defendants assert that Plaintiff did not offer any "description" of the attempts made to resolve the dispute or "certify the specific reasons"

agreement could not be made. Yet in truth, Plaintiff engaged in repeated efforts to resolve the dispute and secure Defendants' agreement, and further, Plaintiff included as an exhibit the entirety of the meet and confer discussion so the Court could see the reasons given by the parties. The dispute is ripe and ready for ruling.

## PRAYER

For the reasons set forth above, Plaintiff prays that this Court grants her Motion to Compel, ordering Defendants to produce Musk for deposition and ordering Defendants to produce all documents which have been redacted.

Respectfully submitted,

**FARRAR & BALL, LLP**

/s/Kyle W. Farrar
KYLE W. FARRAR
W.D. Tex. Bar No. 352045
MARK D. BANKSTON
(pro hac vice admitted)
Tex. State Bar No. 24071066
1117 Herkimer
Houston, TX 77008
(713) 221-8300

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system of the United States District Court for the Western District of Texas. I further certify that all counsel of record who have appeared in this action and are registered CM/ECF users will be served by the CM/ECF system.

/s/ Mark D. Bankston
Mark D. Bankston